UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JULIO AMAT, and all others
similarly situated,

    Plaintiff,

v.

REY PIZZA CORP., d/b/a REY'S PIZZA,
a Florida Profit Corporation, and
ARCH RESOURCES GROUP, LLC, a
Foreign Limited Liability Company,

    Defendants.
_____/

## COMPLAINT UNDER FAIR LABOR STANDARDS ACT/ OVERTIME WAGE VIOLATIONS

Plaintiff, JULIO AMAT, on behalf of himself and all others similarly situated, by and through undersigned counsel, files this Complaint against Defendants, REY PIZZA CORP. d/b/a REY'S PIZZA, a Florida Profit Corporation, and ARCH RESOURCES GROUP, LLC, a Foreign Limited Liability Company, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216 ("FLSA").

2. The Plaintiff is now and was at all relevant times to this action a resident of Miami-Dade County, Florida.

3. Defendants, REY PIZZA CORP. d/b/a REY'S PIZZA ("REY'S") and ARCH RESOURCES GROUP, LLC ("ARCH"), are corporations that regularly transact business within

Miami-Dade County. Upon information and belief, Defendants are joint FLSA employers for Plaintiff's period of employment ("the relevant time period"). Defendant, ARCH, became a joint FLSA employer for Plaintiff effective on or about January 1, 2015.

4. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. §216. It is believed that Defendants have employed several other similarly situated employees, like Plaintiff, who have not been paid overtime wages for work performed in excess of forty (40) hours weekly from the filing of this complaint, dating back to the last three (3) years.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201-219 (section 216 for jurisdictional placement).

7. 29 U.S.C. §207(a)(1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate."

8. Plaintiff worked for Defendants from about 2002 through ongoing and present. Plaintiff was improperly paid on a salary basis for 40 hours, with no overtime pay. In fact, Plaintiff's job duties were those of a non-exempt employee.

9. Defendants' business activities involve those to which the FLSA applies. Both Defendants' businesses and Plaintiff's work for Defendants affected interstate commerce for the relevant time period. Plaintiff's work for Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis

and/or that was supplied to him by Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for Defendants was actually in and/or so closely related to the movement of commerce while he worked for Defendants that the FLSA applies to Plaintiff's work for Defendants.

10. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses enterprises covered under the FLSA.

11. Upon information and belief, Defendant, REY'S, had gross sales or business done in excess of $500,000 annually for all years relevant to this action.

12. Upon information and belief, Defendant's, REY'S, gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

13. Upon information and belief, Defendant, ARCH, had gross sales or business done in excess of $500,000 annually for all years relevant to this action.

14. Upon information and belief, Defendant's, ARCH, gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

15. For the applicable three year period, November 1, 2012 through November 1, 2015, Plaintiff worked at Defendants' Flagler location, located at 2381 W. Flagler Street Miami, Florida 33135. Plaintiff regularly worked overtime hours weekly for Defendants and was not paid overtime.

16. From November 2012 through January 2015, Plaintiff worked in excess of forty (40)

hours weekly, working seven (7) days a week from 8:00 a.m. until 4:30 p.m. During this time, Plaintiff worked an average of fifty-nine and a half (59.5) hours per week for Defendants at a rate of $20.00 per hour, but was never paid for any hours worked over forty (40) hours, as is required by the FLSA.

17. Likewise, from February 2015 through November 2015, Plaintiff continued to work in excess of forty (40) hours weekly, working six (6) days a week from 8:00 a.m. to 4:30 p.m. During this time, Plaintiff worked an average of fifty-one (51) hours per week for Defendants at a rate of $20.00 per hour, but was never paid for any hours worked over forty (40) hours, as is required by the FLSA.

18. At all relevant times, Plaintiff worked with the full knowledge, consent, and at the direction of Defendants, as required, to complete his assigned tasks. Plaintiff was not paid for hours worked over forty (40) hours in a week, as is required by the FLSA. Plaintiff therefore claims his overtime rate of one and one-half (1.5) times his regular rate for each hour worked over forty (40) hours in a week.

19. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and purposefully enforced payroll practices intended to violate the requirements of FLSA.

20. Plaintiff is entitled to be paid for his overtime hours worked over forty (40) hours to the full extent allowable, dating back to the last three (3) years.

WHEREFORE, Plaintiff requests liquidated (double) damages and reasonable attorneys' fees from Defendants, pursuant to the FLSA as cited above, to be proven at the time of trial for all overtime wages owing for the maximum period allowed by the FLSA along with court costs, interest,

and any other relief that this Court finds reasonable under the circumstances. Plaintiff requests a trial by jury.

Dated:  December 21, 2015                Respectfully submitted,

                                                               s/Carmen Rodriguez
Carmen Rodriguez (Florida Bar No. 710385)
Email Address: crpa@crlaborlawfirm.com
Law Offices of Carmen Rodriguez, P.A.
Palmetto Bay Centre
15715 South Dixie Highway, Suite 411
Miami, Florida 33157-1884
Telephone:  (305) 254-6101
Facsimile:  (305) 254-6048
Attorneys for Plaintiff

5